UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ETHRIDGE,<br><br>                       Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, CDCR HEALTH CARE SERVICES, and DOE MEDICAL PROVIDERS 1–10,<br><br>                       Defendants. | Case No.: 25-CV-1452 JLS (KSC)<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF Nos. 1 & 2) |

     Presently before the Court is Plaintiff Carl Ethridge's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Mot.," ECF No. 2). Having considered both documents and the law, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

### IFP MOTION

     All parties instituting a civil action, suit, or proceeding in a district court of the United States, except an applicant for writ of habeas corpus, must pay a filing fee of $405.[1]

---

[1] In addition to the $350 statutory fee, all parties filing civil actions must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee

*See* 28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Plaintiff has submitted the necessary affidavit as part of his IFP Motion. *See* IFP Mot. at 1. Plaintiff's affidavit notes that he is homeless and receives $1,200 each month from social security disability income. *Id.* at 1–2. He claims to have no assets and to spend, on a monthly basis, $300 on food, $200 on clothing, $100 on laundry and dry-cleaning, $100 on medical and dental expenses, and $20 on transportation. *Id.* at 4. Given the foregoing, the Court concludes that Plaintiff's Application demonstrates that he is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

## SCREENING

### I.  Standard of Review

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

---

Schedule, § 14 (eff. Dec 1, 2023). However, the additional administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663–64 (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). In addition, the Court must liberally construe a pro se litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 521–22 (1972).

**II.    Factual Allegations**

Plaintiff Carl Ethridge, who is proceeding pro se, is a California resident who was formerly incarcerated under the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Compl. ¶ 3. While in CDCR custody in 2017, Plaintiff alleges he underwent a medical procedure to implant a temporary inferior vena cava ("IVC") filter. *Id.* ¶ 7. Plaintiff alleges that following the procedure, which took place at Fresno Community Regional Hospital, CDCR medical personnel failed to provide adequate levels of follow-up care to ensure Plaintiff's continued health. *Id.* ¶ 8. At some point following the surgery, Plaintiff suffered from a pulmonary embolism, and in 2025, Plaintiff was hospitalized for chest pain. *Id.* ¶¶ 9, 11. During this most recent hospitalization, medical staff took an MRI and discovered that the IVC filter had fractured and migrated, which

1  requires another surgery to rectify. *Id.* ¶¶ 11–12.

2  Plaintiff filed suit on June 6, 2025, asserting two causes of action. The first cause of
3  action alleges a violation of the Eighth Amendment based on Defendants' failure to
4  monitor and remove the IVC filter. *Id.* ¶ 13. The second cause of action alleges a violation
5  of Plaintiff's constitutional rights based on CDCR and CDCR Health Care Services' failure
6  to train and supervise their staff regarding how to care for and monitor IVC filters. *Id.*
7  ¶ 16.

**III.  Analysis**

    *A.  Eleventh Amendment Immunity*

As an initial matter, Defendants CDCR and CDCR Health Care Services are immune from suit for monetary damages. The general rule is that the "Eleventh Amendment to the United States Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state." *Howard v. Cal. Dep't of Corrs. & Rehab.*, No. 1:24-cv-00387-HBK (PC), 2024 WL 5456294, at *3 (E.D. Cal. Aug. 9, 2024) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237–38 (1985)). For this reason, although "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties . . . unless the State has waived its immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (citing *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472–73 (1987)).

Here, Plaintiff filed suit against CDCR and CDCR Health Care Services, both of which are state agencies protected by Eleventh Amendment immunity. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (concluding "that the [CDCR] and the California Board of Prison Terms were entitled to Eleventh Amendment immunity"). Because "California has not waived its Eleventh Amendment immunity with respect to claims brought under Section 1983 in federal court," CDCR and CDCR Health Care Services are immune from Plaintiff's claims for monetary damages. *Howard*, 2024 WL 5456294, at *3 (citing *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir.

1999)).

It remains possible that Plaintiff could be entitled to injunctive or declaratory relief from the CDCR Defendants, but to the extent he seeks such relief, Plaintiff must be able to demonstrate the existence of standing under Article III of the United States Constitution. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (reasoning that a plaintiff is not entitled to injunctive relief "[a]bsent a sufficient likelihood that he will again be wronged in a similar way"). That showing appears unlikely at this stage because Plaintiff is no longer in CDCR custody, but the Court refrains from analyzing that issue at this juncture based on its resolution of the other issues that are presented below.

### B. *Deliberate Indifference to Medical Needs*

A determination of deliberate indifference involves a two-step analysis consisting of both objective and subjective inquiries. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). First, the plaintiff must demonstrate a serious medical need such that failure to provide treatment could "result in further significant injury" or "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Second, the plaintiff must show that the defendant's response to the medical need was deliberately indifferent. *Id.* at 1096 (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992)). Deliberate indifference consists of (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (2) harm caused by the indifference. *Id.* Such indifference may be manifested when "prison officials deny, delay[,] or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Mere negligence in responding to and treating a medical condition, however, does not rise to the standard of deliberate indifference. *Gamble*, 429 U.S. at 106.

Plaintiff broadly alleges, without tying any concrete actions to any specific individuals, that "Defendants" violated the Eighth Amendment by exhibiting deliberate indifference to his serious medical needs. The Complaint in its present form is insufficient

1  to overcome *sua sponte* screening.

2      With respect to the individual Doe Medical Provider Defendants, Plaintiff has merely pled conclusory statements without any factual allegations as to how Plaintiff's medical needs were not met. *See Iqbal*, 556 U.S. at 678 (finding a complaint subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," as the "mere possibility of misconduct" falls short of the plausibility standard). The Complaint lacks any detail about what actions were or were not taken by medical personnel while Plaintiff was in CDCR custody such that an identifiable medical caregiver was deliberately indifferent to Plaintiff's needs. That Plaintiff was implanted with a temporary IVC filter in 2017 and then later suffered from a fractured IVC filter in 2025 does not plausibly show that any of the individual Defendants were deliberately indifferent.

    With respect to CDCR and CDCR Health Care Services, Plaintiff cannot state a § 1983 claim because neither entity is a "person" within the meaning of § 1983 as required by this particular claim. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) ("To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."); *Johnson v. County of San Diego*, No. 3:18-cv-01846-LAB-RBB, 2018 WL 5630503, at *3 (S.D. Cal. Oct. 30, 2018) ("Local law enforcement departments, like the San Diego Sheriff's Department, municipal agencies, or subdivisions of that department or agency, are not proper defendants under § 1983."). True, "municipalities and other bodies of local government are 'persons' within the meaning of" § 1983, but municipalities can "be held liable only when an injury was inflicted by a government's 'lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121–22 (1988) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Because Plaintiff's first cause of action is only premised upon the alleged deliberate indifference of individual medical care providers, that cause of action cannot be asserted against a

governmental body. *See Monell*, 436 U.S. at 691 (recognizing that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory").

In sum, Plaintiff's first cause of action must be dismissed because the Complaint contains only conclusory allegations as to how the individual Defendants were deliberately indifferent to Plaintiff's medical needs and because CDCR and CDCR Health Care Services are improper Defendants for that claim. And to reiterate the preceding section, CDCR and CDCR Health Care Services are additionally immune from monetary damages under the Eleventh Amendment.

### C. Failure to Train and Supervise

A plaintiff can establish § 1983 liability against a municipality by showing the failure to train its employees, but only "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* The plaintiff "must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim." *Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008). "A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 822–23 (1985) (plurality opinion)).

Plaintiff alleges that CDCR and CDCR Health Care Services "failed to train and supervise their staff regarding the care and monitoring of temporary IVC filters." Compl. ¶ 15. But aside from that lone conclusory assertion, the Complaint is devoid of any factual allegations to develop Plaintiff's claim. To plead failure to train, a plaintiff must first show that the existing training program is inadequate, and upon that showing, he must go on to show a "heightened degree of culpability on the part[] of a municipality" of deliberate indifference. *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (citing

*Harris*, 489 U.S. at 389). Finally, the plaintiff must further show that the "inadequate training that manifests a deliberate indifference on the part of a municipality . . . 'actually caused' the constitutional deprivation at issue." *Id.* Plaintiff's Complaint contains no factual allegations that plausibly make this showing

In sum, Plaintiff's second cause of action must be dismissed because the Complaint contains only conclusory allegations as to the existence of an inadequate training policy that actually caused Plaintiff's asserted constitutional deprivation. And again, CDCR and CDCR Health Care Services are immune from monetary damages in any event.

### D. Leave to Amend

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim for relief and is therefore subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). *See Lopez*, 203 F.3d at 1126–27; *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). Because Plaintiff is proceeding pro se, the Court will grant him an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotations omitted)).

### E. Venue

Finally, the Court expresses skepticism that the Southern District of California is the appropriate venue to adjudicate this suit. "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division or division in which it could have

been brought." 28 U.S.C. § 1406(a). Venue may be raised by the Court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *See Costlow*, 790 F.2d at 1488.

The only relevant factual statement pertaining to venue in the Complaint is that Plaintiff's IVC filter was implanted at Fresno Community Regional Hospital, which is located in the Eastern District of California. Compl. ¶ 7. Plaintiff offers no factual allegations related to the residence of the individual Defendants, nor does Plaintiff offer any other factual allegations related to where Defendants' supposed unlawful medical treatment, or lack thereof, took place. In the event Plaintiff returns to this Court with an amended complaint, he is advised to supplement his factual allegations with sufficient detail for the Court to make an informed determination as to whether venue is properly supported in this district.

## CONCLUSION

Given the foregoing, Plaintiff's IFP Motion (ECF No. 2) is **GRANTED** and his Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an amended complaint that cures all the deficiencies of pleading noted. Plaintiff's amended complaint must be complete by itself without reference to this original pleading. Defendants not named and any claim not re-alleged in an amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: July 10, 2025

Hon. Janis L. Sammartino
United States District Judge